Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have submitted two previous popular names and ballot titles for similar measures, which I rejected in Opinions 99-196 and 99-264 due to unresolved ambiguities in the text of each measure. You have made changes to the text of your measure and now present the following proposed popular name and ballot title for my certification:
 (Popular Name) AN AMENDMENT TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF CITIZEN INITIATIVES OR REFERENDA FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE REQUIRED TIME FRAME, TO PROVIDE THAT IN STATEWIDE INITIATIVES OR REFERENDA ONLY THE POPULAR NAME AND PROPOSITION NUMBER SHALL APPEAR ON THE BALLOT, TO PROVIDE RULES FOR THE PUBLICATION OF STATEWIDE INITIATIVES OR REFERENDA, TO PROVIDE FOR REFORMATION OF ERRONEOUS POPULAR NAMES, TO LIMIT SIGNATURE CHALLENGES, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, OR INITIATED LAWS, ORDINANCES, OR REFERENDA, FOR ANY REASON EXCEPT FOR THE FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LAWFULLY SPECIFIED TIME PERIOD; PROVIDING THAT THE ARKANSAS SUPREME COURT MAY REFORM MANIFESTLY ERRONEOUS POPULAR NAME LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; PROVIDING THAT THIS AMENDMENT SHALL NOT PREVENT CONSTITUTIONAL CHALLENGES, OR CLAIMS OF VIOLATION OF SUPERIOR LAW BY THE INITIATED AMENDMENT, ACT, OR ORDINANCE, OR REFERENDUM, SUBSEQUENT TO THE PASSAGE OF THE AMENDMENT, LAW, OR ORDINANCE BY THE QUALIFIED ELECTORS; PROVIDING THAT IN THE FUTURE, ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER SHALL APPEAR ON THE OFFICIAL BALLOTS, WHERE STATEWIDE CITIZEN INITIATIVES ARE PRESENTED; PROVIDING THAT THE POPULAR NAME, ANY PROPOSITION NUMBER IF AND WHEN ASSIGNED, AND THE FULL TEXT OF THE PROPOSAL, SHALL BE PUBLISHED: 1) TO THE VOTERS ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE; 2) IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND 3) BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION, SETTING FORTH THE NUMBER, POPULAR NAME, AND FULL TEXT OF THE PROPOSAL(S) TO BE CONSIDERED, AND ANY OTHER INFORMATION USEFUL TO THE VOTERS IN THE ELECTION TO BE HELD, AS MAY BE AUTHORIZED BY THE GENERAL ASSEMBLY; PROVIDING THAT NO OTHER PUBLICATION SHALL BE REQUIRED; PROVIDING THAT THE SUPREME COURT MAY STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ONLY ON PROOF TO THE PREPONDERANCE OF THE EVIDENCE THAT THE SPECIFIC SIGNATURE OR SIGNATURES CHALLENGED ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; PROVIDING THAT THE SPONSORS OF A PETITION MAY INTERVENE IN SUITS CHALLENGING THE PETITION, WITHOUT THE POSTING OF ANY BOND, OR SUBSEQUENT PAYMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILFUL FRAUD ON THE PART OF THE SPONSORS OF THE PROPOSAL; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, FOR SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; PROVIDING THAT THE AMENDMENT SHALL BE SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) INITIATIVE AND REFERENDUM PROCEDURE AMENDMENT (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, INITIATED LAWS, ORDINANCES, OR REFERENDA FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LAWFULLY SPECIFIED TIME PERIOD; PRESERVING THE RIGHT TO CHALLENGE INITIATED AMENDMENTS, ACTS, OR ORDINANCES ON CONSTITUTIONAL GROUNDS OR BECAUSE PREEMPTED BY SUPERIOR LAW AFTER THEIR ADOPTION; REQUIRING ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER TO APPEAR ON OFFICIAL BALLOTS FOR STATEWIDE MEASURES; REQUIRING THE POPULAR NAME, ANY PROPOSITION NUMBER IF AND WHEN ASSIGNED, AND THE FULL TEXT OF THE PROPOSAL, TO BE PUBLISHED: 1) ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE; 2) IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND 3) BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE, AT COUNTY CLERK'S OFFICES AND BY STATEWIDE NEWSPAPER INSERT NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION; AUTHORIZING THE INCLUSION, IN THIS SEPARATE PUBLICATION, OF OTHER INFORMATION REGARDING ISSUES OR CANDIDATES ON THE BALLOT, AS MAY BE AUTHORIZED BY THE GENERAL ASSEMBLY; REQUIRING NO OTHER PUBLICATION; EMPOWERING THE ARKANSAS SUPREME COURT TO REFORM MANIFESTLY ERRONEOUS POPULAR NAME LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; AUTHORIZING THE SUPREME COURT TO STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ONLY ON PROOF THAT THE SIGNATURE(S) ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; EXEMPTING PETITION SPONSORS WHO INTERVENE IN SUITS CHALLENGING THEIR PETITIONS FROM THE POSTING OF ANY BOND, OR ASSESSMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILFUL FRAUD ON THEIR PART; REQUIRING LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure